UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DART TRANSIT COMPANY, INC.,

        Plaintiff,                                 Case No. 14-cv-12698

v.                                             Honorable Thomas L. Ludington

MATHUE FRASIER

and

PROGRESSIVE MICHIGAN
INSURANCE COMPANY,

        Defendants.

_____/

**ORDER AND OPINION DENYING MOTION FOR TEMPORARY RESTRAINING ORDER, DIRECTING SERVICE, AND SETTING DEADLINES AND HEARING DATE ON REQUEST FOR PRELIMINARY INJUNCTION**

On July 10, 2014, Dart Transit Company, Inc., filed an *ex parte* motion for a temporary restraining order (ECF No. 5) against Defendant Frasier and Defendant Progressive Michigan Insurance Company. Dart requested a temporary restraining order to enjoin Defendants from prosecuting workers compensation claims in a proceeding before a Michigan Worker's Compensation Magistrate that was to commence on July 17, 2014. In the worker's compensation proceeding, Progressive is seeking subrogation of the benefits it paid to Frasier following vehicular accident. Fraser, in turn, submitted an application to the worker's compensation Magistrate asserting that he was an employee of Dart.

Dart is not entitled to a temporary restraining order because it has not shown that it is likely to succeed on the merits or that it would suffer irreparable injury. Moreover, Dart has not shown that an exception to the Anti-Injunction Act, 28 U.S.C. § 2283, is applicable to its request

for a preliminary injunction. Accordingly, Dart's request for a temporary restraining order will be denied, and Dart will be directed to file supplemental briefing regarding the applicability of an Anti-Injunction Act exception.

## I.

Dart explains that it has no employees. All of its transportation services are performed by independent contractors or "owner operators". ECF No. 5 at 12. Frasier entered into an agreement Dart on April 27, 2007 providing that he would furnish his services to Dart as an independent contractor. He further agreed to purchase an occupational accident insurance policy for work related injury and a no-fault commercial liability policy. *Id.* at 15. Frasier satisfied the first obligation by purchasing an occupational accident policy from Old Republic Life Insurance Company. ECF No. 1, Ex. A at 34. He satisfied his second obligation by purchasing his no-fault commercial liability coverage from Progressive. Pursuant to the independent contractor agreement with Dart, Defendant Frasier identified Dart as an additional insured party on both insurance policies. ECF No. 1, Ex. A at 34.

Frasier was also required to inform all parties with whom he did business pursuant to his business relationship with Dart that he was an independent contractor. ECF No. 5 at 13. He complied with this provision when applying for the Old Republic policy and received benefits under the policy. ECF No. 1 at ¶ 16, 17. Dart cites additional evidence to emphasize Frasier's status as an independent contractor by identifying his W-9 form where he certifies that he is a "sole proprietor." *Id.* Dart claims that these representations were crucial to its business model and they relied upon Frasier's contractual commitment to make such representations to third parties. ECF No. 5 at 14.

In May of 2009, Frasier was in an accident when an unidentified tractor trailer hit his vehicle, causing injury. *Id.* Following his injury, Frasier collected benefits pursuant to his occupational accident and no-fault personal injury protection policies as an independent contractor. *Id.*

When both Old Republic and Progressive stopped paying benefits, Frasier filed suit in Midland County Circuit Court. ECF No. 5 at 15. During his deposition testimony, Frasier reasserted his status as an independent contractor and settled his claims against both parties. *Id.* In the deposition, Frasier declared that Progressive paid him benefits of $100,000 for his underinsured third party no fault policy and $45,000 for his personal injury protection policy. *Id.* Old Republic also paid $20,000 in benefits pursuant to his occupational accident policy. *Id.* Notably, the second sentence of Section V, B of the Old Republic policy provides that "no benefits shall be payable under this policy for any loss for which the Insured Person claims coverage under any Workers' Compensation, Employers' Liability, or similar law." ECF No. 5, Ex. A at 16.

## II.

Dart is seeking relief pursuant to the Federal Rule of Civil Procedure 65, which permits the Court to issue a temporary restraining order if the moving party provides specific facts clearly showing that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).[1]

In evaluating whether to grant this request, the Court is to take into account the following four factors: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable injury; (3) whether issuance would cause substantial harm to others; and (4)

---

[1] In addition to this requirement, the movant's attorney must make written certifications of "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

- 3 -

whether the public interest would be served. *McNeilly v. Land,* 684 F.3d 611, 615 (6th Cir. 2012) (citations omitted). These factors are applicable to preliminary injunctions as well as temporary restraining orders. *Merrill Lynch, Pierce, Fenner & Smith v. Grall,* 836 F.Supp 428, 431-32 (W.D. Mich. 1993).

### III.

Michigan's Worker's Disability Compensation Act of 1969 provides the exclusive remedy for employees injured during the course of employment. More specifically, Mich. Comp. Law § 418.111 declares that "[e]very employer, public and private, and every employee, unless herein otherwise specifically provided, shall be subject to the provisions of this act and shall be bound thereby."

### IV.

Dart makes the following arguments in support of its request for injunctive relief i) that it would likely succeed under both the doctrines of anti-subrogation and judicial estoppel as against Mr. Frasier, and ii) that Dart would suffer irreparable injury since the Workers Compensation Board will be unable to apply Dart's defenses. ECF No. 5.

### A.

Dart contends that the doctrine of judicial estoppel precludes Frasier from asserting his status as an employee in this proceeding. Dart emphasizes that in prior litigation with Old Republic, Frasier held himself out as an independent contract. Therefore, Dart maintains, he should be judicially estopped from asserting that he is an employee before the Workers Compensation Board.

As the Supreme Court explained, "[i]t may be laid down as a general proposition that, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that

position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Davis v. Waklee,* 156 U.S. 680 (1895).

The Supreme Court of Michigan has also adopted the principle of judicial estoppel as part of state law and has declared that parties who successfully and unequivocally take a position in a prior proceeding cannot take inconsistent positions in subsequent proceedings. *Lichon v. American Universal Ins. Co.,* 459 N.W.2d 288, 292 (Mich. 1990).

Dart contends that it would be unable to assert the defense of judicial estoppel before the Workers Compensation Agency because the agency lacks the authority to apply equitable principles, such as judicial estoppel.

However, the Court of Appeals of Michigan has held that "it is well established that the WCAC may apply equitable principles in appropriate instances to further the purposes of the Worker's Disability Compensation Act." *Chase v. Terra Nova Industries,* 2012 WL 6178283, at *2 (Mich. Ct. App. Dec. 11, 2012) (quoting *Chase v. Terra Nova Industries,* 728 N.W.2d 895, 899 n.1 (Mich. Ct. App. 2006)). The Court of Appeals noted that, while the Workers Compensation Agency does not have the authority to reform an insurance policy, the Agency nonetheless maintains other equitable powers. *Id* at 3.

Therefore, contrary to Dart's assertion, the Workers Compensation Agency will be able to apply the doctrine of judicial estoppel to the instant matter if appropriate, limiting the likelihood of harm to Dart.

**B.**

Dart next contends that because Frasier was an independent contractor under the terms of his employment contract, he cannot be determined to be an employee under the Workers'

Disability Compensation Act. However, even if this contention is accurate, there are still circumstances under which workers compensation benefits may be statutorily available without regard to any contractual agreements.

The Court of Appeals of Michigan has held that even in instances where a contract proves that a person is an independent contractor and not an employee for workers' compensation purposes, the language of Mich. Comp. Laws § 418.161(1)(n) "does not confine the examination of employee status strictly to the parties' contractual language, if there is a contract." *State Auto Property & Cas. Ins. v. A-3, Inc.,* 2008 WL 4367464, at *3 (Mich. Ct. App. Sept. 25, 2008) (citing Welch & Royal, Worker's Compensation in Michigan: Law and Practice (5th ed), § 2.7, p 2–6).

The contract between the parties is not dispositive when determining whether someone was an independent contractor or an employee for workers' compensation purposes. Mich. Comp. Laws § 418.161(1)(l) defines employees as "every person in service of another, under contract of hire, express or implied." Moreover, § 418.161(1)(n) adds that an employee is:

> [e]very person performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury, if the person in relation to this service does not maintain a separate business, does not hold himself or herself out to and render service to the public, and is not an employer subject to this act.

The Supreme Court of Michigan has declared that these two subsections "must be read together as separate and necessary qualifications in establishing employee status." *Reed v. Yackell* 703 N.W.2d 1, 7 (Mich. 2005), (citing *Hoste v. Shanty Creek Management, Inc.,* 592 N.W.2d 360, 363 (Mich. 1999)).

In sum, the employment contract between Frasier and Dart is not dispositive on the issue of whether Frasier was an employee or an independent contractor. Accordingly, the Workers

Compensation Magistrate will make its decision based upon its application of the Michigan statute.

### C.

Dart has not explained why there is a great likelihood of harm in allowing the worker's compensation hearing to proceed. A showing of probable irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *Bell & Howell: Mamiya Co. v. Masel Co. Corp.,* 719 F.2d 42, 45 (2d Cir. 1983) (quoting 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2948, at 431 (1973)). There is a clear distinction between the probability of irreparable harm and the possibility of harm. The Supreme Court has made clear that issuing equitable relief "based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources,* 555 U.S. 7, 22 (2008).

Irreparable harm is an injury that must be "both certain and great; it must be actual and not theoretical." *Wisconsin Gas Co. v. F.E.R.C.,* 758 F.2d 669, 674 (D.C. Cir. 1985). Dart must demonstrate that they will suffer an injury that is "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp., v. Schlesinger,* 888 F.2d 969, 975 (2nd Cir. 1989) (citations omitted).

Moreover, equitable relief may not be entered where an award of money damages will make the movant whole. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Ran,* 67 F. Supp. 2d 764, 778 (E.D. Mich. 1999) (citing *Performance Unlimited, Inc. v. Questar Publishers, Inc.,* 52 F.3d 1373, 1382 (6th Cir. 1995)). The standard to obtain equitable relief when monetary damages would be available in the absence of it is extraordinarily high. The moving party must show

either that he would be incapable of being fully remedied by monetary damages, *Tucker* at 975 (citations omitted), or that the monetary loss they would suffer without the remedy would threaten the existence of their business. *Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 843 n.2 (D.C. Cir. 1977).

Dart argues that it will be irreparably harmed because the Workers Compensation Agency cannot apply the anti-subrogation doctrine, which as a general rule prohibits a right of subrogation arising in favor of an insurer against its own insured. *Chenevert v. Travelers Indem. Co.,* 746 F.3d 581, 587 (5th Cir. 2104) (citing 16 Couch on Insurance 3d § 224:1 (2013)). Because Dart is an "also insured" on Frasier's insurance policy with Progressive, it would not be able to use the anti-subrogation doctrine as a defense.

Even if Dart is prevented from raising this defense with the Workers Compensation Agency, Dart has not shown that it would suffer irreparable harm. Dart would not be deprived of its claim against Frasier that he violated the employment contract. Similarly, if Progressive prevails and Dart is required to reimburse Progressive, Dart does not lose its claim that Progressive's conduct violates the anti-subrogation doctrine. Thus equitable relief is not appropriate since "[a]n injury is irreparable if it cannot be undone through monetary remedies." *Interox Am. v. PPG, Indus., Inc.,* 736 F.2d 194, 202 (5th Cir.1984).

Dart has provided no evidence that the failure to grant the temporary restraining order threatens the existence of its business nor has Dart shown that money damages are incapable of making it whole again. Furthermore, the certainty of suffering harm does not exist as Dart is making an assumption that Progressive will be successful in recovering and the Workers Compensation Agency will classify Frasier as an employee. Both of those propositions are not certainties, and courts have been clear that certainty of harm is required to grant equitable relief.

V.

In addition, Dart's request for a temporary restraining order may violate the federal Anti-Injunction Act, 28 U.S.C. § 2283.  The AIA provides a nearly absolute prohibition on federal courts enjoining state court proceedings.  While exceptions exist, Plaintiff has not addressed the applicability of these exceptions.

VI.

Accordingly, it is **ORDERED** the *ex parte* motion for a Temporary Restraining Order (ECF No. 5) is **DENIED.**

It is further **ORDERED** that Dart's request for a Preliminary Injunction to prevent the defendants from pursuing their respective workers' compensation applications, ECF No. 5, is scheduled for hearing **October 14, 2014 at 10:00 am.**

It is further **ORDERED** that Dart is **DIRECTED** to file a supplemental brief addressing the issue of whether it is entitled to injunctive relief under 28 U.S.C. § 2283 on or before **August 22, 2014.**

It is further **ORDERED** that Dart is **DIRECTED** to serve a copy of its Complaint, Motion for Temporary Restraining Order or in the Alternative Request for Preliminary Injunction and Supplemental Brief, together with this Opinion and Order on defendants Mathue Frasier and Progressive Michigan Insurance Company, and file a proof of service on the Court's docket on or before **August 22, 2014**.

It is further **ORDERED** that the Defendants Mathue Frasier and Progressive Michigan Insurance Company shall file its responses within **21 days of the date of service.**

                                                       s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge

Dated: August 13, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 13, 2014.

                           s/Tracy A. Jacobs
                           TRACY A. JACOBS

1:14-cv-12698-TLL-PTM Doc # 6 Filed 08/13/14 Pg 10 of 10 Pg ID 152